UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KEVIN LEE ROSS, et al., | ) |
| Plaintiffs | ) ) ) |
| v. | ) 1:24-cv-00021-NT ) |
| BANGOR SAVINGS BANK, et al., | ) ) |
| Defendants | ) |

**RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT**

Plaintiff Kevin Ross filed a complaint, for himself and for Brienna Rowe,[1] against Bangor Savings Bank and two of its employees. (Complaint, ECF No. 1.) Plaintiff also filed a motion to proceed without prepayment of fees, which motion the Court granted. (Motion, ECF No. 11; Order, ECF No. 12.) In accordance with the statute that governs matters proceeding without prepayment of fees, a preliminary review of the complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of the complaint, I recommend the Court dismiss the matter.

**FACTUAL ALLEGATIONS**

Plaintiff Ross alleges that Bangor Savings Bank held his money "illegally," showed "discrimination," and used discriminating, abusive, malicious, and callous business

---

[1] Brienna Rowe is listed on the complaint as a plaintiff, but Brienna Rowe did not sign the complaint. Plaintiff Ross is the sole signatory to the complaint. Plaintiff Ross alleges the conduct was directed to him and his "P.O.A." (Complaint at 3.) For purposes of this recommended decision, based on the allegations in the complaint, I assume that Plaintiff Ross granted Brienna Rowe his power of attorney.

practices, which conduct caused him and Brienna Rowe severe emotional distress. (Complaint at 3.)

## DISCUSSION

28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding pursuant to the statute, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting T*wombly*, 550 U.S. at 569 n. 14).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

The complaint consists of conclusory statements unsupported by any facts. "Though … pro se complaints are to be read generously, allegations … must nevertheless be supported by material facts, not merely conclusory statements." *Slotnick v. Garfinkle*, 632 F.2d 163, 165 (1st Cir. 1980) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* The conclusory allegations in the complaint are insufficient to support an actionable claim.

Furthermore, Plaintiff Ross did not describe the alleged conduct of either of the individuals named as defendants. Without any substantive allegations regarding the individual defendants' actions, Plaintiff failed to state a claim for relief against them. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (the pleading rules "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

Finally, Plaintiff Ross cannot assert a claim on behalf of Brienna Rowe. The law permits individuals who are not licensed to practice law to represent their interests in federal court. 28 U.S.C. § 1654. An unlicensed individual, however, cannot represent other individuals in court. With few exceptions not applicable here, "[n]o person who is

3

not a member in good standing of the bar of this Court shall appear or practice before this Court on behalf of another person …" D. Me. Local Rule 83.1(c); *see also Berrios v. New York City Hous. Auth.*, 564 F. 3d 130, 132-33 (2d. Cir. 2009) (explaining that 28 U.S.C. § 1654 does not permit unlicensed individuals to represent others in federal court); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (same).  Plaintiff Ross is not known to the Court to be licensed to practice law in Maine and, therefore, cannot obtain relief on behalf of Brienna Rowe.

## CONCLUSION

Based on the foregoing, after a review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915, unless Plaintiff files an amended complaint that adequately addresses the deficiencies identified herein, I recommend the Court dismiss the matter.[2]

If Plaintiff intends to file an amended complaint, Plaintiff shall file the amended complaint within the fourteen-day period to file objections to this recommended decision.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

---

[2] Plaintiff also requested immediate injunctive relief. (Motions, ECF No. 8.) If the Court adopts the recommendation, the matter would conclude and, therefore, the motions would be moot.

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 27th day of February, 2024.