UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KEVIN LEE ROSS, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 1:24-cv-00021-NT |
| | ) | |
| BANGOR SAVINGS BANK, et al., | ) | |
| | ) | |
| Defendants | ) | |

## SUPPLEMENTAL RECOMMENDED DECISION

After a review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915, I determined that Plaintiff had not alleged an actionable claim. (Recommended Decision, ECF No. 14.) I, therefore, recommended the Court dismiss the matter unless within the time for the filing of objections to the recommended decision, Plaintiff amended the complaint to address adequately the deficiencies in the complaint. The deficiencies included the lack of factual allegations regarding the actions of either of the individuals named as defendants.

Plaintiff subsequently filed an objection to the recommended decision, in which filing Plaintiff included an amendment to the complaint. (Objection, ECF No. 19; Motion, ECF No. 20.) Because Federal Rule of Civil Procedure Rule 15(a)(1) permits a litigant to amend a pleading "once as a matter of course," subject to certain time limitations that do not apply here, I grant Plaintiff's request to amend the complaint. Plaintiff's complaint now includes the allegations set forth in the original complaint and in the amendment included in Plaintiff's objection to the Recommended Decision.

Plaintiff's filings raise the issue of whether Plaintiff has alleged an actionable claim within this Court's jurisdiction.  Because I conclude that Plaintiff's complaint, as amended, does not allege a claim within the Court's jurisdiction, pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss the matter.

## FACTUAL ALLEGATIONS

In his original complaint, Plaintiff alleged that Defendant Bangor Savings Bank "illegally," showed "discrimination," and used discriminating, abusive, malicious, and callous business practices. (Complaint at 3, ECF No. 1.)  In his amended pleading, Plaintiff asserts that despite multiple requests from him while he was in jail, Defendant Campbell, an assistant manager of the Bank, did not honor his request that the bank send him money from his account.  He alleges that with assistance from a staff member at the jail, he "finally" obtained his money from the bank. (Objection at 2.)

Plaintiff also asserts that Defendant Bergeron, a manager at the Bank, did not accept the power of attorney that Plaintiff granted to Brienna Rowe to act on his behalf. (Objection at 3-4.)  Ms. Rowe, therefore, was unable to obtain Plaintiff's money for him.  Plaintiff further alleges that the Bank has not yet issued him a new debit card. (Objection at 4.)

## DISCUSSION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). "Federal courts are obliged to resolve questions pertaining to subject-matter jurisdiction

before addressing the merits of a case." *Acosta-Ramírez v. Banco Popular de Puerto Rico*, 712 F.3d 14, 18 (1st Cir. 2013).

"It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citations omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011).

Here, Plaintiff has not stated facts that would support a claim within the court's subject matter jurisdiction. Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This type of subject matter jurisdiction is known colloquially as "federal question jurisdiction." Pursuant to section 28 U.S.C. § 1332, federal district courts also have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 … and is between citizens of different States." 28 U.S.C. § 1332(a)(1). This type of subject matter jurisdiction is known as "diversity jurisdiction."

Plaintiff's apparent attempt to invoke federal question jurisdiction by filing a claim under 42 U.S.C. § 1983 for a civil rights violation fails because Defendants are private actors, not state actors. *See generally*, *Jarvis v. Vill. Gun Shop, Inc.*, 805 F.3d 1, 8–12 (1st Cir. 2015) (summarizing rare circumstances where individuals other than government employees may be sued under § 1983). Plaintiff's assertion that Defendants engaged in discriminatory business practices suggests that Plaintiff might be attempting to plead a federal claim based on statutes like Title II of the Civil Rights Act of 1964, 42 U.S.C. §

3

2000a *et seq.*, or the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq*. Plaintiff, however, has not alleged any facts that would support an actionable discrimination claim. For example, Plaintiff does not provide details that would permit a plausible inference of individual animus or business procedures based on a suspect classification.[1] The gravamen of Plaintiff's complaint appears to be a dispute about the documents that were necessary for Plaintiff to obtain his money from the Bank. The dispute is not a federal question.

For Plaintiff's claim to be within the Court's diversity jurisdiction, Plaintiff and Defendants must have been citizens of different states on the date the complaint was filed. *Hawes v. Club Ecuestre El Comandante*, 598 F.2d 698, 701 (1st Cir. 1979) ("Domicile at the time suit is filed is the test and jurisdiction once established is not lost by a subsequent change in citizenship."); *see also Alvarez-Torres v. Ryder Memorial Hosp., Inc.*, 582 F.3d 47, 54 (1st Cir. 2009) ("[D]iversity jurisdiction does not exist where any plaintiff is a citizen of the same state as any defendant."); *Garcia Perez v. Santaella*, 364 F.3d 348, 350-51 (1st Cir. 2004) (citing *Hawes* and stating that the "key point of inquiry is whether diversity of citizenship existed at the time the suit was filed"). Plaintiff's filings establish that all parties are citizens of Maine. Plaintiff's claim, therefore, is not within the Court's diversity jurisdiction.

In sum, Plaintiff has not alleged a claim within the Court's jurisdiction. Accordingly, dismissal is warranted.

---

[1] Furthermore, other courts have noted that banks are not designated as places of public accommodation for purposes of the Civil Rights Act. *See, e.g.*, *Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 959 (N.D. Tex. 2013).

**CONCLUSION**

For the reasons stated above, I grant Plaintiff's motion to amend his complaint. In addition, based on the foregoing analysis and the analysis set forth in the original Recommended Decision, I recommend the Court dismiss Plaintiff's complaint, as amended.

**NOTICE**

Any objection to the order on the motion to amend shall be filed in accordance with Federal Rule of Civil Procedure 72.

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 8th day of April, 2024.